FILED

APR 2 5 2012

Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

## INDICTMENT FOR CONSPIRACY TO COMMIT HEALTH CARE FRAUD, HEALTH CARE FRAUD, AND FORFEITURE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 12-** ⌐73-BAJ-SCR |
| **v.** | : | |
| | : | |
| **HOOR NAZ JAFRI,** | : | 18 U.S.C. § 1349 |
| **ROSLYN F. DOGAN,** | : | 18 U.S.C. § 1347 |
| **SEDRA J. SIGNATER, JR.,** | : | 18 U.S.C. § 2 |
| **ARTHUR SMITH, JR.,** | : | 18 U.S.C. § 982 |
| **KYEIANA E. MURRAY,** | : | |
| **ROBERT E. BOOKER, and** | : | |
| **JAMES J. MYER,** | : | |

## THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1.      The Medicare Program ("Medicare") was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the United States Department of Health and Human Services ("HHS") through its agency, the Centers for Medicare & Medicaid Services ("CMS").

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.      Medicare was subdivided into multiple parts. Medicare Part B covered partial hospitalization programs ("PHPs") connected with the treatment of mental illness. The treatment program of PHPs closely resembled that of a highly structured, short-term hospital inpatient

BAJ
PJH
SCR
BW
Taylor

USM
USA & USPO (certified)

program, but it was a distinct and organized intensive treatment program that offered less than 24-hour daily care.

4.     Patients eligible for Medicare coverage of a PHP comprised two groups: (1) those patients who were discharged from an inpatient hospital treatment program, and who were enrolled in a PHP in lieu of continued inpatient treatment; and (2) those patients who, in the absence of partial hospitalization, would require inpatient hospitalization.

5.     Medicare guidelines required that patients admitted to a PHP required PHP services at levels of intensity and frequency comparable to patients in an inpatient setting for similar psychiatric illnesses.

6.     As of 2009, Medicare guidelines specified that PHP patients require and receive a minimum of 20 hours per week of therapeutic service, as evidenced by their plan of care.

7.     Medicare provided a PHP benefit for eligible patients in a PHP, which included: (1) individual and group psychotherapy with physicians, psychologists, or other mental health professionals authorized or licensed by the state in which they practiced; (2) occupational therapy requiring the skills of a qualified occupational therapist; (3) services of social workers, trained psychiatric nurses, and other staff trained to work with psychiatric patients and authorized or licensed to provide these services by the state in which they practiced; (4) drugs and biologicals furnished for therapeutic purposes that could not be self-administered; (5) individualized activity therapies that were not primarily recreational or diversionary; (6) family counseling (for treatment of the patient's condition); (7) patient education programs where the educational activities were closely related to the care and treatment of the patient; and (8) diagnostic services.

8.      Medicare guidelines specifically excluded meals and transportation from coverage under the PHP benefit.

9.      PHP coverage under Medicare did not include programs providing primarily social, recreational, or diversionary activities. Medicare excluded from coverage programs attempting to maintain psychiatric wellness, where there was no risk of relapse or hospitalization. Psychosocial programs that provided only a structured environment, socialization, recreation, diversionary activities, custodial or respite care, or vocational rehabilitation were not covered by Medicare.

10.     Medicare required that the PHP was provided at a facility that was hospital based or hospital affiliated or at a community mental health center ("CMHC"), which was a provider type under Part A of Medicare.

11.     Individuals who qualified for Medicare benefits were commonly referred to as Medicare "beneficiaries." Each beneficiary was given a Medicare identification number.

12.     CMHCs, physicians and other healthcare providers that provided services to Medicare beneficiaries were referred to as Medicare "providers." To participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare-related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A healthcare provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

13.     Medicare paid CMHCs and other healthcare providers for services rendered to beneficiaries. To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

-3-

14. CMS did not directly pay Medicare claims submitted by Medicare-certified CMHCs for PHP services. CMS contracted with different companies to administer the Medicare Part B program throughout different parts of the United States. In the State of Louisiana, until September 30, 2009, CMS contracted with TriSpan Health Services to administer Part B PHP claims. After September 30, 2009, CMS contracted with Pinnacle Business Solutions, Inc. ("Pinnacle") to administer Part B PHP claims.

15. Additionally, CMS separately contracted with AdvanceMed, a Zone Program Integrity Contractor ("ZPIC"), formerly referred to as a Program Safeguard Contractor, to review partial hospitalization providers' claims data. AdvanceMed reviewed PHP providers' claims for potential fraud, waste and abuse.

16. To bill Medicare for services rendered, a provider submitted a claim form (Form 1450) to Trispan Health Services or Pinnacle. When a Form 1450 was submitted, usually in electronic form, the provider certified that: (1) the contents of the form were true, correct and complete; (2) the form was prepared in compliance with the laws and regulations governing Medicare; and (3) the services purportedly provided as set forth in the claim were medically necessary.

17. A Medicare claim for PHP reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the item or service provided to the beneficiary, the date that the item or service was provided, the cost of the item or service and the name and unique physician identification number of the physician who prescribed or ordered the item or service.

-4-

18.     The medical and other documentation supporting the claim for services as required by the Medicare regulations was not submitted with the health insurance claim form that was submitted to the CMS contractor. Rather, the Medicare provider was required to retain such documentation at its premises and produce these documents upon request by CMS or one of its contractors.

19.     The written records required to document the appropriateness of PHP claims submitted under Part B of Medicare included an Initial Psychiatric Evaluation and Certification, a Treatment Plan, and Progress Notes to document the services provided, the patient's response to them, and the relation of the services to the patient's treatment plan.

## Psychcare of Louisiana, LLC dba Shifa Community Mental Health Center and Serenity Center, LLC

20.     Psychcare of Louisiana, LLC dba Shifa Community Mental Health Center ("Shifa") was a Louisiana Limited Liability Company, incorporated in 2002 and headquartered in Baton Rouge, Louisiana. Shifa was a CMHC that operated a purported PHP at 6717 Goya Ave., Baton Rouge, LA, and had a Human Resources office located at 6859 Goya Ave., Baton Rouge, LA.

21.     Serenity Center, LLC ("Serenity") was a Louisiana Limited Liability Company, incorporated in 2005 and headquartered in Baton Rouge, Louisiana. Serenity was a CMHC that operated a purported PHP at 1023 N. Lobdell Boulevard, Baton Rouge, LA.

## The Defendants

22.     Defendant **HOOR NAZ JAFRI**, a resident of Baton Rouge, Louisiana, was an owner, director, officer, and managing employee of Shifa and Serenity.

23.     Defendant **ROSLYN F. DOGAN**, a resident of Baton Rouge, Louisiana, was an owner, director, officer, and managing employee of Serenity.

24.     Defendant **SEDRA J. SIGNATER**, a resident of Baton Rouge, Louisiana, was the Administrator of Shifa.

25.     Defendant **ARTHUR SMITH, JR.**, a resident of Woodville, Mississippi, was a managing employee and the Administrator of Serenity.

26.     Defendant **KYEIANA E. MURRAY**, a resident of Baton Rouge, Louisiana, was the office manager of Shifa.

27.     Defendant **ROBERT E. BOOKER**, a resident of Clinton, Louisiana, was a licensed recreational therapist employed at Shifa.

28.     Defendant **JAMES J. MYER**, a resident of Baton Rouge, Louisiana, was a licensed clinical social worker employed at Serenity.

## COUNT 1
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

29.     Paragraphs 1 through 28 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

30.     From in or around January 2005 through in or around October 2011, the exact dates being unknown to the Grand Jury, in the Middle District of Louisiana, and elsewhere, the defendants,

**HOOR NAZ JAFRI,**
**ROSLYN F. DOGAN,**
**SEDRA J. SIGNATER,**
**ARTHUR SMITH, JR.,**
**KYEIANA E. MURRAY,**
**ROBERT E. BOOKER, and**
**JAMES J. MYER,**

-6-

did knowingly and willfully combine, conspire, confederate and agree with each other and with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

31.    It was a purpose of the conspiracy for defendants **HOOR NAZ JAFRI, ROSLYN F. DOGAN, SEDRA J. SIGNATER, ARTHUR SMITH, JR., KYEIANA E. MURRAY, ROBERT E. BOOKER, JAMES J. MYER,** and their co-conspirators to unlawfully enrich themselves and their co-conspirators by, among other things, (a) billing Medicare for medically unnecessary PHP services that were purportedly provided to patients who did not qualify for PHP services reimbursable by Medicare, (b) billing Medicare for PHP services that were never provided, (c) creating false documentation for the medically unnecessary services and for services that were never provided, in order to support the false and fraudulent claims billed to Medicare, and (d) causing the diversion of the proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and other co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

-7-

32.     **HOOR NAZ JAFRI** and other co-conspirators would obtain a Medicare provider number for Shifa in order to submit Medicare claims for PHP services at Shifa.

33.     **HOOR NAZ JAFRI** and other co-conspirators would obtain a Medicare provider number for Serenity in or around 2005 when the Medicare provider number for Shifa was suspended.

34.     **HOOR NAZ JAFRI, ROSLYN F. DOGAN** and other co-conspirators, known and unknown, would recruit Medicare beneficiaries to be placed at Shifa and Serenity for PHP services that were not medically necessary and not provided.  **JAFRI** and **DOGAN** would recruit patients who did not qualify for PHP services and for whom the PHP services were not medically necessary.

35.     **HOOR NAZ JAFRI, ROSLYN F. DOGAN, SEDRA J. SIGNATER, KYEIANA E. MURRAY** and other co-conspirators would direct **ROBERT E. BOOKER** and other co-conspirators to falsify documents, including patient treatment notes and attendance records, for the purpose of making it appear that patients received PHP treatments at Shifa that they did not receive, and for the purpose of making it appear that those patients received at least the minimum amount of treatments necessary to qualify to bill Medicare for PHP services for those patients.

36.     **SEDRA J. SIGNATER** would falsify documents, including patient treatment notes and attendance records, for the purpose of making it appear that he had provided PHP treatments to patients at Shifa, despite the fact that **SIGNATER** did not provide those treatments.

37.     **HOOR NAZ JAFRI, ROSLYN F. DOGAN, ARTHUR SMITH, JR.** and other co-conspirators would direct **JAMES J. MYER** and other co-conspirators to falsify documents, including patient treatment notes and attendance records, for the purpose of making it appear that patients received PHP treatments at Serenity that they did not receive, and for the purpose of

-8-

making it appear that those patients received at least the minimum amount of treatments necessary to qualify to bill Medicare for PHP services for those patients.

38.    **ARTHUR SMITH, JR.** would falsify documents, including patient treatment notes and attendance records, for the purpose of making it appear that he had provided PHP treatments to patients at Serenity, despite the fact that **SMITH** did not provide those treatments.

39.    **KYEIANA E. MURRAY** would falsify documents, including records of treatments provided, by signing the names of social workers on these documents, for the purpose of making it appear as if the social workers had provided PHP treatments to patients at Shifa, despite the fact that these treatments were not provided.

40.    **HOOR NAZ JAFRI, ROSLYN F. DOGAN, SEDRA J. SIGNATER, ARTHUR SMITH, JR., KYEIANA E. MURRAY, ROBERT E. BOOKER, JAMES J. MYER** and other co-conspirators would retain beneficiaries in PHP at Shifa and Serenity when they knew these patients to be ineligible for PHP services.  Specifically, these patients did not have the cognitive or emotional ability to participate in PHP services.

41.    **HOOR NAZ JAFRI, ROSLYN F. DOGAN** and their co-conspirators would cause claims to be submitted to Medicare for PHP services purportedly provided at Shifa and Serenity that were not medically necessary and not provided.

42.    **HOOR NAZ JAFRI, ROSLYN F. DOGAN** and their co-conspirators would cause claims to be submitted to Medicare for PHP services purportedly provided at Shifa and Serenity in an amount totaling approximately $225.6 million.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its object and purpose, the conspirators committed and caused to be committed, in the Middle District of Louisiana, the following overt acts:

43.     On or about March 21, 2009, **ARTHUR SMITH, JR.** falsified notes for patient T.B. to make it appear that **SMITH** had provided education psychotherapy and recreational psychotherapy to T.B. at Serenity, when no such services were provided, and T.B. was at Baton Rouge General Hospital on an inpatient basis on that date.

44.     On or about May 9, 2009, **SEDRA J. SIGNATER** falsified notes for patient J.R. to make it appear that **SIGNATER** had provided recreational psychotherapy to J.R. at Shifa, when no such service was provided, and J.R. was at Baton Rouge General Hospital on an inpatient basis on that date.

45.     On or about June 3, 2009, **ROBERT E. BOOKER** falsified notes for patient C.M. to make it appear that **BOOKER** had provided education psychotherapy and recreational psychotherapy to C.M. at Shifa, when no such service was provided, and C.M. was at Cypress Psychiatric Hospital on an inpatient basis on that date during the time when the services were purportedly provided.

46.     On or about September 5, 2010, **KYEIANA E. MURRAY** signed the names of two therapists on billing summary documentation, without the permission of the therapists, in order to falsify records for patient V.S. to make it appear that V.S. had received psychotherapy and education and activity therapy at Shifa when no such services were provided.

-10-

47. On or about October 7, 2010, **JAMES J. MYER** falsified notes for patient S.S. to make it appear that S.S. had received education and activity therapy at Serenity, when no such services were provided, and S.S. was at Bethesda Rehabilitation Hospital on an inpatient basis on that date.

48. In or around July 2011, **ROSLYN F. DOGAN** directed a co-conspirator to alter the notes in the file of patient K.O., who had purportedly been receiving PHP treatment at Shifa.

The above is a violation of Title 18, United States Code, Section 1349.

**COUNTS 2-8**
**Health Care Fraud**
**(18 U.S.C. §§ 1347 and 2)**

49. Paragraphs 1 through 28 and 31 through 48 of the Indictment are realleged and incorporated by reference as though fully set forth herein.

50. On or about the dates set forth below, the exact dates being unknown to the Grand Jury, in the Middle District of Louisiana and elsewhere, the defendants listed below, each aided and abetted by one another, and by others known and unknown to the Grand Jury, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services, as listed below:

| Count | Defendants | Bene-ficiary Name | Services Billed (by type, not number of services) | Approx Claim Receipt Date | Amount Billed | Claim Number |
|---|---|---|---|---|---|---|
| 2 | **HOOR NAZ JAFRI, SEDRA J. SIGNATER.** | J.R. | G0410 Grp Psych Partial Hosp 45-50; <br><br> G0176 Opps/Php; activity Therapy; <br><br> G0177 Opps/Php; Train & Educ Serv | 5/13/09 | $7,750 | 20913301448402 |
| 3 | **HOOR NAZ JAFRI, SEDRA J. SIGNATER.** | R.J. | G0410 Grp Psych Partial Hosp 45-50; <br><br> G0176 Opps/Php; activity Therapy; <br><br> G0177 Opps/Php; Train & Educ Serv | 10/28/09 | $7,750 | 20930100895102 |
| 4 | **HOOR NAZ JAFRI, ROBERT E. BOOKER.** | C.M. | G0410 Grp Psych Partial Hosp 45-50; <br><br> G0176 Opps/Php; activity Therapy; <br><br> G0177 Opps/Php; Train & Educ Serv | 6/10/09 | $5,550 | 20916100834302 |
| 5 | **HOOR NAZ JAFRI, ROBERT E. BOOKER.** | M.J. | G0410 Grp Psych Partial Hosp 45-50; <br><br> G0176 Opps/Php; activity Therapy; <br><br> G0177 Opps/Php; Train & Educ Serv | 7/29/09 | $5,500 | 20921000620702 |
| 6 | **HOOR NAZ JAFRI, ROSLYN F. DOGAN, ARTHUR SMITH, JR., JAMES J. MYER.** | T.B. | G0410 Grp Psych Partial Hosp 45-50; <br><br> G0176 Opps/Php; activity Therapy; <br><br> G0177 Opps/Php; Train & Educ Serv | 3/25/09 | $6,600 | 20908400885502 |

Case 3:12-cr-00073-BAJ-SCR   Document 1   04/25/12   Page 12 of 21

| Count | Defendants | Bene-ficiary Name | Services Billed (by type, not number of services) | Approx Claim Receipt Date | Amount Billed | Claim Number |
|---|---|---|---|---|---|---|
| 7 | **HOOR NAZ JAFRI, ROSLYN F. DOGAN, JAMES J. MYER.** | S.S. | G0410 Grp Psych Partial Hosp 45-50; G0176 Opps/Php; activity Therapy; G0177 Opps/Php; Train & Educ Serv | 3/18/11 | $4,400 | 21107790998508 |
| 8 | **HOOR NAZ JAFRI, ROSLYN F. DOGAN, ARTHUR SMITH, JR.** | M.B. | 90853 Group Psychotherapy; G0177 Opps/Php; Train & Educ Serv; G0176 Opps/Php; activity Therapy | 9/3/08 | $4,800 | 20824700376302 |

Each of the above is a violation of Title 18, United States Code, Sections 1347 and 2.

## Forfeiture Allegation

51.     The allegations contained in Counts 1 through 8 of this Indictment are realleged and incorporated as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest pursuant to the provisions of Title 18, United States Code, Section 982(a)(7) and the procedures outlined at Title 21, United States Code, Section 853.

52.     Upon conviction of Counts 1 through 8 of this Indictment, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

-13-

53.   The property that is subject to forfeiture includes, but is not limited to, the following:

a.   A money judgment in the amount of up to the gross proceeds of the health care fraud offenses set forth in Counts 1 through 8 of the Indictment;

54.   If, as a result of any act or omission of the defendants, the property described above that is subject to forfeiture,

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Sections 982(a)(7) and 982(b) and the procedures outlined at Title 21, United States Code, Section 853.

UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

ABIGAIL B. TAYLOR
TRIAL ATTORNEY
DOJ CRIMINAL FRAUD SECTION

A TRUE BILL

GRAND JURY FOREPERSON

4/25/2012

DATE

-14-

*Place of Offense:*                                   *Matter to be sealed:*      No      X      (Yes)

City              <u>Baton Rouge</u>              *Related Case Information:*

County/Parish <u>East Baton Rouge</u>        Superseding Indictment _____   Docket Number ____
                                                             Same Defendant _____        New Defendant ___ X ___
*Investigating Agency <u>FBI</u>*              MagistrateCaseNumber _____
*SA Tom Daly*                                    SearchWarrantCaseNo. _____
                                                      R 20/ R 40 from District of _____
                                                      *Any Other Related Cases:* _____
                                                      *Defendant Information:*

Defendant Name          Hoor Naz Jafri
Alias

*U.S. Attorney Information:*

AUSA        Shubhra Shivpuri              Bar # NYBN 4694295

*Interpreter:*   ⊠ No   ☐ Yes       *List language and/or dialect:*

*Location Status:*
Arrest Date _____

_____ Already in Federal Custody as of    _____
_____ Already in State Custody
_____ On Pretrial Release

*U.S.C. Citations*
*Total # of Counts:*        ____8____        ☐ Petty    ☐ Misdemeanor   ⊠ Felony

|  | *Index Key/Code* | *Description of Offense Charged* | *Count(s)* |
|---|---|---|---|
| set 1 | 18:1349 | Conspiracy to Commit Healthcare Fraud | 1 |
| set 2 | 18:1347 and 2 | Health Care Fraud | 2-8 |
| set 3 | | | |
| set 4 | | | |

*(May be continued on second sheet)*

Date: 4/25/12        Signature of AUSA: _~~signature~~_

District Court Case Number (To be filled in by deputy clerk): _____

## Criminal Cover Sheet
## U.S. District Court

*Place of Offense:*

*Matter to be sealed:*    No    X    (Yes)

City      <u>Baton Rouge</u>

*Related Case Information:*

County/Parish <u>East Baton Rouge</u>

Superseding Indictment _____    Docket Number \_\_\_\_

*Investigating Agency <u>FBI</u>

Same Defendant \_\_\_\_\_    New Defendant \_\_\_X\_\_\_

*SA Tom Daly

MagistrateCaseNumber _____

SearchWarrantCaseNo. _____

R 20/ R 40 from District of _____

*Any Other Related Cases:* _____

*Defendant Information:*

Defendant Name      Arthur Smith, Jr.

Alias

*U.S. Attorney Information:*

AUSA      Shubhra Shivpuri      Bar # NYBN 4694295

*Interpreter:*    ☒ No   ☐ Yes      *List language and/or dialect:*

*Location Status:*

Arrest Date _____

_____ Already in Federal Custody as of    _____

_____ Already in State Custody

_____ On Pretrial Release

*U.S.C. Citations*

Total # of Counts:      \_\_\_\_8\_\_\_\_      ☐ Petty    ☐ Misdemeanor    ☒ Felony

| | *Index Key/Code* | *Description of Offense Charged* | *Count(s)* |
|---|---|---|---|
| set 1 | <u>18:1349</u> | <u>Conspiracy to Commit Healthcare Fraud</u> | 1 |
| set 2 | <u>18:1347 and 2</u> | <u>Health Care Fraud</u> | 2-8 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date: <u>4/25/12</u>      Signature of AUSA: _____

District Court Case Number (To be filled in by deputy clerk): _____

*Criminal Cover Sheet*                                      *U.S. District Court*

*Place of Offense:*                    *Matter to be sealed:*      No      X      (Yes)

City          Baton Rouge          *Related Case Information:*

County/Parish East Baton Rouge          Superseding Indictment _____    Docket Number _____
                                        Same Defendant _____      New Defendant     X
*Investigating Agency FBI          MagistrateCaseNumber _____
*SA Tom Daly                            SearchWarrantCaseNo. _____
                                        R 20/ R 40 from District of _____
                                        *Any Other Related Cases:* _____
                                        *Defendant Information:*

Defendant Name          James Jason Myer

*U.S. Attorney Information:*

AUSA          Shubhra Shivpuri                    Bar # NYBN 4694295

Interpreter:   ☒ No   ☐ Yes          *List language and/or dialect:*

*Location Status:*
Arrest Date _____

_____ Already in Federal Custody as of _____
_____ Already in State Custody
_____ On Pretrial Release

*U.S.C. Citations*
*Total # of Counts:* _____8_____          ☐ Petty   ☐ Misdemeanor   ☒ Felony

|  | *Index Key/Code* | *Description of Offense Charged* | *Count(s)* |
|---|---|---|---|
| set 1 | 18:1349 | Conspiracy to Commit Healthcare Fraud | 1 |
| set 2 | 18:1347 and 2 | Health Care Fraud | 2-8 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date: 4/25/12          Signature of AUSA: _____

District Court Case Number (To be filled in by deputy clerk): _____

*Place of Offense:*                    *Matter to be sealed:*      No   X      Yes

City            <u>Baton Rouge</u>          *Related Case Information:*

County/Parish <u>East Baton Rouge</u>      Superseding Indictment _____   Docket Number _____
                                       Same Defendant _____      New Defendant ___X___
*Investigating Agency <u>FBI</u>           MagistrateCaseNumber _____
*SA Tom Daly                           SearchWarrantCaseNo. _____
                                       R 20/ R 40 from District of _____
                                       *Any Other Related Cases:* _____
                                       *Defendant Information:*

Defendant Name        Sedra J. Signater
Alias

*U.S. Attorney Information:*

AUSA        Shubhra Shivpuri            Bar # NYBN 4694295

Interpreter:    ☒ No  ☐ Yes       *List language and/or dialect:*

*Location Status:*
Arrest Date    _____

_____ Already in Federal Custody as of     _____
_____ Already in State Custody
_____ On Pretrial Release

*U.S.C. Citations*
Total # of Counts: _____8_____     ☐  Petty     ☐  Misdemeanor    ☒  Felony

|        | <u>Index Key/Code</u> | <u>Description of Offense Charged</u> | <u>Count(s)</u> |
|--------|-----------------|----------------------------------|-----------|
| set 1  | <u>18:1349</u>         | <u>Conspiracy to Commit Healthcare Fraud</u> | 1 |
| set 2  | <u>18:1347 and 2</u>   | <u>Health Care Fraud</u>                      | 2-8 |
| set 3  |                 |                                  |           |
| set 4  |                 |                                  |           |

(May be continued on second sheet)

Date: <u>4|25|12</u>      *Signature of AUSA:*    _____

*District Court Case Number* (To be filled in by deputy clerk): _____

*Place of Offense:*         *Matter to be sealed:*    No    X    (Yes)

City      <u>Baton Rouge</u>      *Related Case Information:*

County/Parish <u>East Baton Rouge</u>     *Superseding Indictment* _____   Docket Number _____

*Investigating Agency <u>FBI</u>     Same Defendant _____    New Defendant ___X___

*SA Tom Daly     MagistrateCaseNumber _____

            SearchWarrantCaseNo. _____

            R 20/ R 40 from District of _____

            *Any Other Related Cases:* _____

            *Defendant Information:*

Defendant Name      Roslyn F. Dogan

Alias

*U.S. Attorney Information:*

AUSA      Shubhra Shivpuri         Bar # NYBN 4694295

Interpreter:   ☒ No   ☐ Yes     *List language and/or dialect:*

*Location Status:*

Arrest Date     _____

_____ Already in Federal Custody as of     _____

_____ Already in State Custody

_____ On Pretrial Release

*U.S.C. Citations*

*Total # of Counts:*     _____8_____      ☐ Petty    ☐ Misdemeanor    ☒ Felony

| | *Index Key/Code* | *Description of Offense Charged* | *Count(s)* |
|---|---|---|---|
| set 1 | 18:1349 | Conspiracy to Commit Healthcare Fraud | 1 |
| set 2 | 18:1347 and 2 | Health Care Fraud | 2-8 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date:   4/25/12     Signature of AUSA:   _~~signature~~_

District Court Case Number (To be filled in by deputy clerk):     _____

| | |
|---|---|
| *Place of Offense:* | *Matter to be sealed:*     No     X     (Yes) |

City          Baton Rouge          *Related Case Information:*

County/Parish East Baton Rouge          Superseding Indictment _____   Docket Number _____

Same Defendant _____     New Defendant ___X___

*Investigating Agency FBI          MagistrateCaseNumber _____
*SA Tom Daly                         SearchWarrantCaseNo. _____
                                     R 20/ R 40 from District of _____
                                     *Any Other Related Cases:* _____
                                     *Defendant Information:*

Defendant Name          Kyeiana Elizabeth Murray
Alias

*U.S. Attorney Information:*

AUSA          Shubhra Shivpuri          Bar # NYBN 4694295

Interpreter:   ☒ No   ☐ Yes     *List language and/or dialect:*

*Location Status:*
Arrest Date _____

_____ Already in Federal Custody as of     _____
_____ Already in State Custody
_____ On Pretrial Release

*U.S.C. Citations*
Total # of Counts: _____8_____     ☐ Petty   ☐ Misdemeanor   ☒ Felony

| | *Index Key/Code* | *Description of Offense Charged* | *Count(s)* |
|---|---|---|---|
| set 1 | 18:1349 | Conspiracy to Commit Healthcare Fraud | 1 |
| set 2 | 18:1347 and 2 | Health Care Fraud | 2-8 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date: 4/25/12          *Signature of AUSA:* ⟨signature⟩

District Court Case Number (To be filled in by deputy clerk): _____

| | |
|---|---|
| *Place of Offense:* | *Matter to be sealed:*   No    X    (Yes) |

City              Baton Rouge              *Related Case Information:*

County/Parish East Baton Rouge

Superseding Indictment _____   Docket Number _____

Same Defendant _____            New Defendant ___X___

*Investigating Agency FBI___     MagistrateCaseNumber _____

*SA Tom Daly                     SearchWarrantCaseNo. _____

R 20/ R 40 from District of _____

*Any Other Related Cases:* _____

*Defendant Information:*

Defendant Name      Robert Earl Booker, Jr.

Alias

*U.S. Attorney Information:*

AUSA      Shubhra Shivpuri          Bar # NYBN 4694295

*Interpreter:*   ⊠ No  ☐ Yes     *List language and/or dialect:*

*Location Status:*

Arrest Date _____

_____ Already in Federal Custody as of  _____

_____ Already in State Custody

_____ On Pretrial Release

*U.S.C. Citations*

Total # of Counts:      ____8____      ☐ Petty   ☐ Misdemeanor   ⊠ Felony

| | *Index Key/Code* | *Description of Offense Charged* | *Count(s)* |
|---|---|---|---|
| set 1 | 18:1349 | Conspiracy to Commit Healthcare Fraud | 1 |
| set 2 | 18:1347 and 2 | Health Care Fraud | 2-8 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date: 4/25/12          Signature of AUSA: _Aubut_

District Court Case Number (To be filled in by deputy clerk): _____